UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROGER D. SEXTON, JR.,
    Plaintiff,

vs.

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR GSAA
HOME EQUITY TRUST 2008-5
c/o Countrywide Home Loans Servicing, L.P., *et al.*,
    Defendants.

Case No. 1:13-cv-18

Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

    Plaintiff initiated this action pro se on January 10, 2013, by filing a complaint against the defendant banks alleging, among other things, violations of the Fair Debt Collection Practices Act. (Doc. 1). On June 24, 2013, defendants filed a motion to dismiss plaintiff's complaint. (Doc. 10). Pursuant to Local Rule 7.2, plaintiff was to file his memorandum in opposition within twenty-one days. S. D. Ohio Civ. R. 7.2(a)(2). Plaintiff failed to respond to the motion to dismiss within the prescribed time.

    On August 2, 2013, this Court Ordered plaintiff to show cause, in writing and within fourteen days, why defendants' pending motion to dismiss should not be construed as unopposed and granted for the reasons stated in the motion. (Doc. 14). This Order was sent to plaintiff via certified mail and received by plaintiff no later than August 16, 2013. (Doc. 15). Plaintiff failed to respond to the Show Cause Order within the prescribed time; however, on September 30, 2013, plaintiff requested an extension of time of 30 days, asserting that he was seeking legal counsel. (Doc. 16). The Court granted plaintiff's request and plaintiff was given until October 30, 2013, to file a response in opposition to defendants' motion to dismiss. (Doc. 17). This Order was mailed to plaintiff via certified mail but returned on October 25, 2013, as

undeliverable and marked "UNCLAIMED UNABLE TO FORWARD." (Doc. 18). The Court subsequently reissued the Order granting plaintiff's requested extension on October 29, 2013, via regular mail. To date, plaintiff has failed to file any response in opposition to defendants' motion to dismiss.

Plaintiff's failure to prosecute this matter and to obey Orders of the Court warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b). *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). *See also Jourdan*, 951 F.2d at 109. Though plaintiff is proceeding pro se, as stated by the Supreme Court, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Plaintiff's repeated failures to follow this Court's orders and to file timely responses indicates he is no longer expending effort to prosecute his lawsuit in a diligent manner as required by Federal Rule 41 and the Local Rules. Accordingly, dismissal of this case for want of prosecution is appropriate.

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's case be **DISMISSED** for want of prosecution and for failure to obey an Order of the Court.

Date: 11/22/13

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROGER D. SEXTON, JR.,
    Plaintiff,

vs.

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR GSAA
HOME EQUITY TRUST 2008-5
c/o Countrywide Home Loans Servicing, L.P., et al.,
    Defendants.

Case No. 1:16-cv-18

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to these proposed findings and recommendations within **FOURTEEN DAYS** after being served with this Report and Recommendation ("R&R"). That period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within **FOURTEEN DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).